# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             Case No:  **6:14-cv-1129-Orl-37KRS**

NOMAR N. QUILES ALBARRAN,

        Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 7)** |
| **FILED:** | **October 8, 2014** |

## I.    PROCEDURAL HISTORY.

    On July 15, 2014, the United States of America ("United States") filed a complaint against Defendant Nomar N. Quiles Albarran seeking to recover principal and interest owed by Quiles Albarran due to his failure to make payments on student loans, along with attorney's fees and costs. Doc. No. 1.

    Personal service of the summons and complaint was properly effectuated on July 19, 2014. Doc. No. 4-1.   Quiles Albarran subsequently failed to appear and respond to the complaint.   Upon motion by the United States, the Clerk of Court entered a default against Quiles Albarran on September 17, 2014.  *See* Doc. Nos. 5, 6.

On October 8, 2014, the United States filed the instant Motion for Entry of Default Judgment.   Doc. No. 7.   In support of its motion, the United States submitted the following, among other documents:

- Certificate of Indebtedness for the loans at issue (*id.* at 6);[1]

- Declaration of Attorney's Fees from counsel for the United States requesting $940.00 in attorney's fees (*id.* at 7-8);

- Statement showing payment of the service of process costs (*id.* at 9);

- Copies of the promissory notes at issue in the instant case (*id.* at 10-12); and,

- Declaration of counsel for the United States averring, among other things, that Quiles Albarran is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) and is not serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (*id.* at 13-14).

The United States also seeks to recover $35.00 in costs pursuant to 28 U.S.C. § 1921.   *Id.* at 3.

The United States served the motion on Quiles Albarran via U.S. Mail, but he has failed to respond and the time for doing so has passed.   *See id.* at 4.   The motion was referred to me for the issuance of a Report and Recommendation.   Accordingly, the motion for default judgment is ripe for consideration.

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine

---

[1] This document was also attached to the complaint.   *See* Doc. No. 1 at 3.

whether [the] plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions for default judgment.  *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.  *Smyth*, 420 F.3d at 1232 n.13.

## III.    ALLEGATIONS OF THE COMPLAINT.

On or about March 6, 1995, October 10, 1995, and December 2, 1996, Quiles Albarran executed three promissory notes to secure loans of $2,625.00, $3,500.00 and $3,500.00 respectfully from the U.S. Department of Education ("Department").  Doc. No. 1 at 3.  The first loan was disbursed between March 12 through March 21, 1995.  The second loan was disbursed between October 17, 1995 and January 28, 1996.  The third loan was disbursed between December 5, 1996

and February 4, 1997. Each loan had a variable interest rate established annually. The loans were made by the Department under the William D. Ford Federal Direct Loan Program. Doc. No. 7 at 6.

The Department demanded payment according to the terms of the notes. Quiles Albarran defaulted on his obligation on May 4, 2001. The Department credited a total of $2,419.52 in payments from all sources. As of February 10, 2011, Quiles Albarran owed $9,625.00 in principal and $3,424.01 in interest for a total debt of $13,049.01. *Id.* Interest on the principal continued to accrue at the rate of $0.86 per day until June 30, 2011, and thereafter at such rate as the Department established pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e. *Id.*

In its complaint, the United States alleges that, as of July 1, 2014, the interest owed had increased to $4,483.78, for a total debt of $14,108.78. Doc. No. 1 at 1.

## IV.    ANALYSIS.

### A.    *Liability.*

"To recover on a promissory note, the government must show [that] (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)) (unpublished decision cited as persuasive authority).

The United States does not allege in the body of the complaint that Quiles Albarran executed the promissory notes, that it is the present owner or holder of the notes, or that the notes are in default. However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." As discussed above, the United States attached to the complaint a verified Certificate of Indebtedness. *See* Doc.

No. 1 at 3.   In the Certificate of Indebtedness, the loan analyst avers that Quiles Albarran executed the promissory notes at issue in this case to secure loans from the Department and he has defaulted on his obligation to repay the loans.   *See id.*   By failing to answer the complaint, Quiles Albarran is deemed to have admitted these factual allegations.   Accordingly, I recommend that the Court find that these admissions are sufficient to establish that Quiles Albarran is liable for payment due under the notes.

       *B.*      *Damages.*

The evidence filed by the United States in support of the instant motion establishes the amount of damages that Quiles Albarran owes to the United States pursuant to the notes.   The verified Certificate of Indebtedness and the copies of the notes at issue reflect that Quiles Albarran obtained three loans from the Department in the amounts of $2,625.00, $3,500.00 and $3,500.00.   *See* Doc. No. 1 at 3; Doc. No. 7 at 10-12.   The verified Certificate of Indebtedness also establishes that Quiles Albarran failed to pay the sums due under the notes.   *See* Doc. No. 1 at 3.   The Department's loan analyst averred that Quiles Albarran owed the United States a principal amount of $9,625.00 and accrued interest in the amount of $3,424.01 as of February 10, 2011, for a total debt of $13,049.01 as of February 10, 2011, plus additional prejudgment interest in the amount of $0.86 per day through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e. *Id.*   This is sufficient to establish the amount of damages Quiles Albarran owes the United States.

However, counsel for the United States has not adequately explained the method in which he calculated prejudgment interest as of July 1, 2011 and later.   Section 1087e provides that, for loans like those at issue here,

> the applicable rate of interest shall, during any 12-month period beginning on July 1 and ending on June 30, be determined on the

> preceding June 1 and be equal to—(A) the bond equivalent rate of 91-day Treasury bills auctioned at the final auction held prior to such June 1; plus (B) 3.1 percent, except that such rate shall not exceed 8.25 percent.

20 U.S.C. § 1087e(b)(1).   The United States has not shown that the annual interest rate in each year was 3.130%, which is the figure counsel used in computing prejudgment interest in the motion. Doc. No. 7 at 2.   Therefore, while the United States has provided evidence of the amount of interest that it is owed on the notes, I cannot confirm that its calculations in the motion regarding the amount owed are correct.

Accordingly, I recommend that the Court find that the United States has provided sufficient evidence to establish the damages that are due to the United States pursuant to the notes.   I recommend that the Court require the United States to provide a supplemental memorandum within the time permitted to object to this Report and Recommendation in which it sets forth the annual interest rate adjusted as provided for in § 1087(e) and the accurate prejudgment interest calculation.

C.    *Costs.*

The United States also seeks to recover $35.00 in service of process costs.   Doc. No. 7 at 3. In support of its request for costs, the United States submitted an invoice reflecting that it paid $35.00 to invoice number 2014007270 in relation to this case.   *Id.* at 9.   The Affidavit of Service reflects that Investigative Process Service, Inc., has a job serial number of ILS-2014007270 and executed personal service on Quiles Albarran.   *See* Doc. No. 4-1.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary.   Fed. R. Civ. P. 54(d)(1).   Service of process costs, like the costs in this case, are taxable costs.   *See EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed

the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3) (The U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served . . . .").

Accordingly, I recommend that the Court find that the United States is entitled to $35.00 in service of process costs.

    D.    *Attorney's Fees.*

        1.    <u>Whether the United States Is Entitled to Recover Attorney's Fees.</u>

The United States argues that it is entitled to recover attorney's fees from Quiles Albarran pursuant to the terms of the promissory note, 20 U.S.C. § 1091a(b)(1) and its implementing regulations.   Doc. No. 7 at 2-3.

Section 1091a provides that "a borrower who has defaulted on a [student] loan made under this title shall be required to pay . . . reasonable collection costs."   20 U.S.C. § 1091a(b)(1).   The United States contends that the statute's implementing regulations provide a definition for "reasonable collection costs" and refers to 34 C.F.R. § 685.202(e)(2), which provides that "[i]f a borrower defaults on a Direct Loan, the Secretary [of Education] assesses collection costs on the basis of 34 C.F.R. 30.60."   *See* Doc. No. 7 at 2-3.   Part 30 of 34 C.F.R. governs debt collection procedures by the Department of Education generally, and provides that the Secretary of Education "may charge a debtor for the costs associated with the collection of a particular debt" and that "[t]hese costs include, but are not limited to . . . [c]ourt costs and attorney fees."   34 C.F.R. § 30.60(a)(8).

An examination of the promissory notes at issue reveals the following language in all three notes: "If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs."   Doc. No. 7 at 10-12.   Furthermore, the United States is

authorized to collect attorney's fees pursuant to § 1091a and its implementing regulations here because the verified Certificate of Indebtedness establishes that Quiles Albarran's loans were Direct Loans.   *See* Doc. No. 1 at 3.   Accordingly, I recommend that the Court find that the United States is entitled to recover attorney's fees in this case.

### 2.   Attorney's Fees – Lodestar Analysis.

The United States seeks to recover $940.00 in attorney's fees.   Doc. No. 7 at 2, 7-8.   In support of its request for attorney's fees, the United States submitted a declaration in which Steven M. Davis, Esq., counsel for the United States, avers the amount of time that he spent on the case and his usual and customary hourly rate of $200.00.   *Id.* at 7-8.

Attorney Davis has been a member of the Florida Bar since 1991.   *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven Mark Davis") (last visited Dec. 29, 2014).   He seeks a rate of $200.00 per hour.   I recommend that the Court find that this hourly rate is reasonable in the central Florida market for an attorney with 23 years of experience in a case of this type.   *See, e.g.*, *United States v. Hollyfield*, No. 6:14-cv-10-Orl-41KRS, 2014 U.S. Dist. LEXIS 119548, at *5 (M.D. Fla. July 29, 2014), *adopted*, 2014 U.S. Dist. LEXIS 119552 (M.D. Fla. Aug. 27, 2014) (approving $200.00 hourly rate for Attorney Davis).

Attorney Davis also submitted a time sheet showing that he worked 4.7 hours on this case. Doc. No. 7 at 7-8.   I recommend that the Court find that the hours worked are reasonable in the absence of objection.

Accordingly, the lodestar attorney's fee is $940.00.[2]   I recommend that the Court find that this fee is reasonable.

---

[2] Calculated as follows: $200.00 per hour $\times$ 4.7 hours worked by Attorney Davis = $940.00.

**V.     RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1.     **GRANT** the Motion for Entry of Default Judgment (Doc. No. 7);

2.     **FIND** Nomar N. Quiles Albarran liable to the United States of America in the amount of $9,625.00 plus accrued prejudgment interest;

3.     **AWARD** the United States attorney's fees in the amount of $940.00 and costs in the amount of $35.00;

4.     **DIRECT** the United States to submit a proposed judgment with the prejudgment interest properly calculated as of a date provided by the Court following the Court's ruling on this Report and Recommendation; and,

5.     **DIRECT** the Clerk of Court to enter a final judgment in a form the Court finds appropriate and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy