**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Case No. 6:14-cv-1129-Orl-37KRS

NOMAR N. QUILES ALBARRAN,

      Defendant.

---

**ORDER**

This cause is before the Court on its own motion. This action involves an attempt by Plaintiff, the United States of America, to recover from Defendant principal and interest due on unpaid student loans. (*See* Doc. 1.) On January 22, 2015, the Court entered an Order which: (1) adopted Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 8); (2) granted Plaintiff's Motion for Entry of Default Judgment (Doc. 7); (3) found that the Defendant is liable to Plaintiff in the amount of $9,625.00 *plus accrued prejudgment interest*; and (4) awarded Plaintiff attorney's fees in the amount of *$940.00* and costs in the amount of $35.00. (*See* Doc. 10.) To facilitate entry of a final default judgment, the Court directed Plaintiff to "file a proposed judgment with prejudgment interest calculated as of January 30, 2015," and to "separately file a supplemental brief explaining the rates, dates, and sources used to calculate the proposed January 30, 2015 prejudgment interest amount." (*See id.* at 2.)

In response to the Court's Order, Plaintiff submitted a proposed judgment which would permit, in pertinent part, that:

> Plaintiff recover of the Defendant, Nomar N. Quiles Albarran, the sum of *$15,324.19, consisting of $9,625.00 in unpaid principal, plus $4,628.56 in*

> *interest at the variable rate of 3.130% through January 29, 2015* in accordance with the supporting documentation attached as Exhibit "B" to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a Fee for Service and Travel, per 28 U.S.C. § 1921 of *$35.00, plus Attorney's fees of $1,220.00*.

(Doc. 11, p. 4 (emphasis added).) Additionally, Plaintiff submitted supplemental briefing consisting of one explanatory paragraph:

> Plaintiff has investigated the variable interest rates and calculation by reviewing the computer data, computer calculations, contacting the Department of Justice, and contacting the Department of Education, and verified the total debt amount. The interest rate is recalculated at the end of every period beginning on July 1st and ending on June 30th of every year. For the current period which began on July 1st 2014 and ends on June 30th, 2015 the interest rate is 3.13%.

(*Id.* at 1.)

Plaintiff's submissions are troubling in several respects. First, and most obviously, the Court awarded Plaintiff $940.00 in attorney's fees, *not* $1,220.00. (*Compare* Doc. 10, p. 2, *with* Doc. 11, p. 4.) Plaintiff makes no attempt to explain this disparity.

Second, it is unclear how Plaintiff concluded that Defendant owes a sum of $15,324.19. (*See* Doc. 11, p. 4.) If, as the run-on sentence in the proposed judgment suggests, that sum was intended to be comprised of (1) "$9,625.00 in unpaid principal," plus; (2) "$4,628.56 in interest," plus; (3) "$35.00" in costs, plus; (4) "$1,220.00" in attorney's fees (*see id.*), then the total would have been $15,508.56, not $15,324.19. The Court cannot determine from Plaintiff's submissions whether this second disparity represents an omission of some portion of the calculation, a scrivener's error, or a calculating error, but, regardless, the Court cannot accept Plaintiff's internally inconsistent proposed judgment.

Third, Plaintiff's explanation of the requested $4,628.56 in interest is inadequate.

(*See id.* at 4, 1.) The loans in this action date back to 1995 and, according to the U.S. Department of Education's loan analyst, as of February 10, 2011, interest had accrued in the amount of $3,424.01. (Doc. 7, p. 6.) From February 10, 2011, through June 30, 2011, interest accrued at a rate of "3.27 percent," or "$0.86" daily. (*See id.*) Thereafter, interest has continually accrued "at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. [§] 1087e." (*Id.*) Significantly, § 455(b) provides that the applicable interest rate on the loans at issue *fluctuates annually*, and should,

> during any 12-month period beginning on July 1 and ending on June 30, be determined on the preceding June 1 and be equal to—(A) the bond equivalent rate of 91-day Treasury bills auctioned at the final auction held prior to such June 1; plus (B) 3.1 percent, except that such rate shall not exceed 8.25 percent.

*See* 20 U.S.C. § 1087e(b)(1). Multiple 12-month periods have passed since the loan analyst's 2011 calculation, meaning that multiple different interest rates have likely applied in the intervening years, yet Plaintiff references only one: "3.13%," the *current* applicable 12-month interest rate. (*See* Doc. 11, pp. 1, 4.) Between the Magistrate Judge's R&R (Doc. 8, pp. 5–6), the Court's January 22, 2015 Order (Doc. 10, p. 2), and this Order, this is the third time Plaintiff has been informed that it needs to identify *exactly* how it calculates the accrued interest that Defendant owes. Vague references to Plaintiff's investigation of the applicable interest rates and a citation to the current applicable rate (*see* Doc. 11, p. 1) will not suffice. To be clear: Plaintiff must show its work—year by year, and interest rate by interest rate—for the Court to accept its proposed interest calculation. Having been forced to do the Plaintiff's work in light of the wholly unacceptable lack of attention to detail, accuracy or the Court's instructions, the Court is straining mightily to

resist the urge to simply award principal only. One more opportunity for compliance will be extended. Failure to adequately respond may result in the Court revising its January 22, 2015 Order to award principal only.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Plaintiff's Response to the Court's January 29, 2015 Order and its Proposed Final Default Judgment (Doc. 10, pp. 1–2, 4–5) are **REJECTED**.

2.    On or before Thursday, February 12, 2015, Plaintiff is **DIRECTED** to file on the docket and email in Word format to the Chambers email address: (1) a proposed final default judgment with prejudgment interest calculated as of February 16, 2015; and (2) a supplemental brief which delineates—in scrupulous detail and consistent with this Order—all applicable interest rates, all applicable dates, and any other information used to calculate any amount requested in the proposed final judgment, including prejudgment interest due as of February 16, 2015.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 4, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record